IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DR. FRANK D. MAY, and
FRANK D. MAY, D.M.D., P.A.,
A Florida corporation,
    Plaintiffs,

v.    Case No. 5:07cv95/RH/EMT

INDIANAPOLIS LIFE INSURANCE
COMPANY, et al.,
    Defendants.
_____/

**O R D E R**

    This cause is before the court upon Defendants Michael E. Lloyd and Williams Coulson's Motion to Compel Plaintiffs' Answers to Interrogatories and Response to Request for Production Served December 19, 2007, and for Attorney's Fees and Costs (Doc. 77).  Defendants seek an order directing Plaintiffs to respond to numbers one through eight of their first set of interrogatories, which were propounded to Plaintiff Dr. Frank D. May (*id*., Ex. A), and numbers one through nineteen of their first set of interrogatories, which were propounded to Plaintiff Frank D. May, D.M.D., P.A. (*id*., Ex. B).  Additionally, Defendants seek to compel responses from both Plaintiffs to their first request for production of documents (*id*., Ex. C).  Defendants contend that Plaintiffs were served with the aforementioned discovery requests on or about December 19, 2007, and when no timely responses were received, Defendants' counsel contacted Plaintiffs' counsel who indicated that responses would be provided on or before February 18, 2008 (*id.* at 1–2).  However, as of March 17, 2008, the filing date of Defendants' motion, no responses had been received.

    Plaintiffs were directed by this court to respond to Defendants' motion to compel on or before March 24, 2008 (*see* Docs. 78, 79), but that time has elapsed, and no response has been

received by Plaintiffs. Thus, for the reasons set forth in Defendants' motion, the motion to compel shall be granted.

The remaining issue is whether Defendants are entitled to an award of expenses. Rule 37(a)(4) provides, in relevant part:

> (A) If the Motion [to Compel] Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

In the instant case, the record establishes that Defendants conferred with Plaintiffs before filing the instant motion, to no avail. Moreover, Plaintiffs have offered no justification for their failure to provide the requested discovery, and the court is aware of no circumstances that make an award of expenses unjust. Thus, Defendants are <u>likely</u> entitled to the fees and expenses incurred in bringing the instant motion. Plaintiffs, however, will be given an opportunity to be heard on this issue.

Accordingly, it is **ORDERED**:

1. Defendants Michael E. Lloyd and Williams Coulson's Motion to Compel Plaintiffs' Answers to Interrogatories and Response to Request for Production Served December 19, 2007 (Doc. 77) is **GRANTED**. Plaintiffs shall provide responses to Defendants' discovery requests within **TEN (10) DAYS** of the date of docketing of this order.

2.	On or before **APRIL 11, 2008**, Defendants shall submit documentation of fees or expenses incurred in bringing the instant motion to compel.  Within **TEN (10) DAYS** of receipt of Defendants' documentation, but no later than **APRIL 21, 2008**, Plaintiffs may, but are not required to, file a notice opposing sanctions, outlining any objection to the imposition of sanctions or to the reasonableness of the amounts claimed by Defendants, or both.

**DONE AND ORDERED** this 1st day of April 2008.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

Case No. 5:07cv95/RH/EMT